# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1123 | **DATE** | 2/29/2012 |
| **CASE TITLE** | Dale T. Mosley vs. Dept. of Labor | | |

**DOCKET ENTRY TEXT**

As stated below, even when liberally construing Plaintiff's *pro se* complaint, Plaintiff has not alleged sufficient facts to plausibly suggest a valid claim to relief. *See, e.g., Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Therefore, since Plaintiff has failed to allege facts that plausibly suggest a valid claim for relief, the instant action is dismissed. Plaintiff's motion for leave to proceed in forma pauperis [4] is denied as moot. Civil case terminated.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Dale T. Mosley's (Mosley) motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted. . . ." *Id.*

Since Mosley is proceeding *pro se*, the court will liberally construe his complaint and make reasonable inferences in his favor. Mosley indicates in his complaint that he is suing his former employer, the Department of Labor, for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act , 42 U.S.C. § 12111 *et seq.* (Compl. Par. 9). However, Mosley fails to allege facts that would plausibly suggest any unlawful discrimination or retaliation. Mosley alleges that a remote access device was placed on his computer at work and was used to manipulate his files, but Mosley fails to allege facts to suggest that such conduct was related to his race or alleged disability. (Compl. Par. 13). Mosley also indicates in a conclusory fashion in his EEOC charge, which is attached to his complaint, that he believes that he was discriminated against because of his race, that he was subject to harassment, and that he was retaliated against for engaging in protected activity, but

## STATEMENT

Mosley fails to provide any specific facts to indicate what the alleged misconduct entailed. Mere general allegations of "harassment" are not sufficient to state a valid claim for relief. (EEOC Chg. 1). Nor does Mosley indicate what his alleged disability is that would qualify him for protection under the ADA. Mosley merely indicates in a conclusory fashion in his complaint that he was in a "protected group." (Compl. Par. 13). Even when liberally construing Mosley's *pro se* complaint, Mosley has not alleged sufficient facts to plausibly suggest a valid claim to relief. *See, e.g., Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Therefore, since Mosley has failed to allege facts that plausibly suggest a valid claim for relief, the instant action is dismissed. The instant motion is denied as moot.